IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM SHAW, et al.,

                Plaintiff,              Case No. 3:09 CV 2109

   -vs-

                                                 MEMORANDUM OPINION

CITY OF FOSTORIA, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on the motion of Defendants City of Fostoria and Tiffany Shaver to dismiss the Complaint in this case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. (Doc. 4). Their motion will be granted.

**I. Background**

The Complaint alleges the following facts: the Plaintiffs, William and Holly Shaw, are the co-owners of properties located at 116 and 122 North Main St. in Fostoria, Ohio. Defendant Shaver is the Building Inspector for the City of Fostoria. Shaver was alerted to problems at 116 and 122 North Main St., Fostoria, Ohio when water was found iced in front of the building. A tenant gave Shaver access to the properties on January 23, 2009, which Shaver proceeded to search. On the basis of information discovered there, Shaver obtained a search warrant. Defendant Shaver and other unknown officials then instituted legal action against the Plaintiffs.

Plaintiffs seek damages under 42 USC § 1983 for violations of their rights under the Due Process Clause, Equal Protection Clause, Fourth Amendment, and Fifth Amendment, as well as for the alleged failure of the City of Fostoria to properly train and supervise its officials.

**II. Standard of Review**

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). "To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 127 S.Ct. at 1965 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). As the Court explained in *Iqbal*, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. But "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

**III. Discussion**

Plaintiffs do not state a proper claim for relief under the Fourth Amendment for illegal search and seizure, because they do not allege that they had a reasonable expectation of privacy in the properties searched. The Plaintiffs do allege that they were the owners of the properties at

2

issue, but it has long been settled that a landlord's mere ownership interest does not create a privacy interest in property he rents out to others. See *Chapman v. United States*, 365 U.S. 610 (1961) (landlord could not consent to search of tenant's home). Therefore, the Plaintiffs' Fourth Amendment claims must be dismissed.

The other claims asserted by the Plaintiffs must be dismissed as well. It is claimed that various Fostoria officials "misused their authority" and acted "maliciously" to "harass" the Plaintiffs, but these legal conclusions are not supported by any factual allegations. Thus, the Complaint fails to assert a claim that is "plausible on its face" and must be dismissed.

**IV. Conclusion**

The Defendants' motion to dismiss (Doc. 4) is granted. The Complaint is dismissed in its entirety.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE